FRED H. GOETZE v. J. C. VAN KREVELEN AND ANOTHER.[1]

May 29, 1919.

No. 21,276.

**Drain — action by landowner against engineer for misstatements.**

Action by landowner against the duly appointed and qualified engineer of an open ditch and his surety for damages because of his misstatements to plaintiff, the viewers and county board, in respect to the depth of the ditch and the necessity of a bridge across it on plaintiff's premises. The reports of the engineer and viewers and the final order establishing the ditch were duly filed as required by law, but plaintiff did not appeal from the order. At the trial defendants' objection to the reception of any testimony on the ground that the complaint did not state a cause of action was sustained. Plaintiff appealed from an order denying a new trial. *Held*: The plaintiff had full opportunity to examine the reports and final order and inform himself as to the exact provisions of the same. The statutes impose no duty on the engineer to advise the parties interested in the ditch proceeding and plaintiff had no right to rely upon statements made by the engineer. The complaint failed to state a cause of action. [Reporter.]

Action in the district court for Carver county to recover $1,500 for false representations. In their answer defendants alleged that the representations

[1]Reported in 172 N. W. 487.

made were correct statements of the provisions of the plans and specifications and that the plans and specifications called for a ditch across plaintiff's farm varying in depth below bottom of old creek bed from 1.4 feet to 5.6 and from about 22 to 30 feet across the top and 20 feet across the bottom. At the trial before Tifft, J., defendants' objection to the introduction of any evidence, upon the ground that the complaint did not state a cause of action, was sustained. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Arctander & Nordbye*, for appellant.

*S. A. Johnson* and *Henry Spindler*, for respondent.

PER CURIAM.

It appears from the complaint that plaintiff owns a farm of 120 acres in Carver county, across which was a shallow creek. In 1916 a petition for an open ditch along the line of such creek was filed with the county auditor. Defendant Van Krevelen was appointed engineer. He duly qualified with the defendant surety company as his surety. He made a survey of the route of the proposed ditch and prepared and filed his report thereof as required by law. He accompanied the viewers while they were viewing the premises for the purpose of assessing benefits and damages. The viewers filed their report in which they allowed the plaintiff $201.20 as damages on account of said ditch. Thereafter a hearing was had and an order made by the county board establishing said ditch in accordance with the reports of the engineer and viewers, and the ditch was thereafter constructed in accordance with the plans and specifications. Plaintiff did not appeal from the award of damages made by the county board.

Plaintiff brings this action against the engineer and the surety on his bond to recover the sum of $1,500 as damages which he claims to have sustained as the result of the statements which he alleges that the defendant Van Krevelen made to him and to the viewers and the county board with reference to the depth of the ditch and the necessity of a bridge across the same on plaintiff's premises.

At the opening of the trial defendant objected to the reception of any testimony upon the ground that the complaint failed to state a cause of action. The objection was sustained and from an order denying his motion for a new trial plaintiff appealed.

In addition to the foregoing facts it is alleged in the complaint in substance that, for the purpose of misleading and defrauding the plaintiff, defendant stated to the viewers and to the plaintiff that the ditch, at the point where plaintiff desired a bridge, would be only two feet deep and that it would not be necessary to allow plaintiff for a bridge on account of the construction of said ditch; that at the final hearing before the county board the said

defendant, in violation of his duties as said engineer, wilfully misrepresented and falsified the facts concerning said ditch to said county board as to the depth of the ditch at the point where plaintiff desired a bridge, saying that there was no necessity of allowing damages to plaintiff for a bridge over said ditch; that plaintiff believed and relied upon said representations and as a result thereof did not appeal from the award of damages made by the county board to the plaintiff on account of said ditch; that said statements were false in this, that the ditch at said point was over five feet deep and that it was necessary for plaintiff to have a bridge across the same.

The reports of the engineer and viewers were in due form and the final order establishing the ditch is not questioned. They were all filed for record in due time as required by law. The plaintiff had full and complete opportunity to consult and examine them and to inform himself as to the exact provisions of the same. It was his privilege and duty to do so. The statutes impose no duty upon the engineer to advise or counsel parties interested in the ditch proceedings, or parties affected thereby, and plaintiff herein had no right to rely upon statements made by him as to the necessity of a bridge, or to rely upon other reports caught at random for his guidance in determining whether he would appeal or not appeal from the assessment of damages or benefits. The full duty of the engineer was performed when he made a full and detailed report of all his doings. This was done and furnished all the information necessary to enable all parties interested to take such steps as they were advisd to take.

We have considered the allegations of the pleading and are satisfied that the same fail to state a cause of action. The order appealed from is affirmed.